IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-00114-CR-W-HFS |
| | ) |
| JEFFREY D. HART, | ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Indictment. (Doc. 31) Defendant challenges the constitutionality of the 18 U.S.C. § 922(g)(3) counts under the Second Amendment and under the Due Process Clause of the Fifth Amendment of the United States Constitution. For the following reasons, it is recommended that Defendant's motion be denied.

### I. BACKGROUND

On May 18, 2022, the Grand Jury returned an Indictment charging Defendant with four counts of being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and two counts of possession of methamphetamine, in violation of 21 U.S.C. § 844(a). (Doc. 1) On April 7, 2023, Defendant filed the instant motion to dismiss. (Doc. 31) The Government filed its suggestions in opposition on April 28, 2023. (Doc. 35) Defendant replied on May 15, 2023. (Doc. 39)

### II. LEGAL ANALYSIS

Defendant only challenges the constitutionality of Counts 1, 3, 4, and 5 — the four firearms counts charged under 18 U.S.C. § 922(g)(3). (Docs. 31, 39) Under § 922(g)(3), it is prohibited for "any person who is an unlawful user of or addicted to any controlled substance," to possess a firearm. Specifically, Defendant argues that § 922(g)(3) is unconstitutional because: (A)

Defendant Hart and his conduct are covered by the plain language of the Second Amendment which makes § 922(g)(3) presumptively unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); (B) there is not a distinctly similar or analogous restriction with the Nation's historical tradition of firearm restriction; (C) "unlawful user" is vague as to when possessing a firearm is prohibited and therefore void in violation of the Due Process Clause of the Fifth Amendment; and (D) the statutory language frustrates constitutionally-protected conduct which makes it overbroad in violation of the Due Process Clause of the Fifth Amendment. (Docs. 31; 39)

The Government maintains: (1) Eighth Circuit precedent is binding and undisturbed by *Bruen* on this issue; (2) the plain text of the Second Amendment does not protect the prohibited conduct — possessing a firearm as an unlawful user of controlled substances; (3) § 922(g)(3) is consistent with the Nation's historical tradition of disarming persons who were intoxicated or viewed as potentially dangerous; (4) Defendant's vagueness challenge is premature; and (5) the overbreadth doctrine is reserved for First Amendment, not Second or Fifth Amendment, issues. (Doc. 35)

The Court first considers Defendant's Second Amendment challenge to § 922(g)(3) before turning to Defendant's Fifth Amendment argument.

### A. Second Amendment *Bruen* Challenge

Challenges such as this one for unlawful user of a controlled substance in possession of a firearm have survived Second Amendment scrutiny after *Bruen*, both in this Court[1] and in other jurisdictions.[2] The rationale underlying such decisions is that *Bruen* did not overrule the pertinent

---

[1] *See, e.g., Gilpin v. United States*, No. 20-0450-01-CR-C-RK, 2023 WL 387049 (W.D. Mo. Jan. 3, 2023), *appeal filed*, No. 23-1131 (8th Cir. Jan. 23, 2023); *United States v. Striplin*, No. 21-00289-01-CR-W-RK (W.D. Mo. April 25, 2023) (Report and Recommendation).
[2] *See, e.g., United States v. Costianes*, 2023 WL 3550972 (D. Md. May 18, 2023); *United States v. Le*, 2023 WL

portions of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), which addressed lawful limitations to the possession of firearms. Specifically, the Supreme Court stated in *Heller* that "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]" 554 U.S. at 626–27. The *Heller* Court further described "these presumptively lawful regulatory measures only as examples; [the] list does not purport to be exhaustive." *Id*. at 626–27, n.26. This principle was reaffirmed two years later in *McDonald*, wherein the Court stated: "We made clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill. . . . We repeat those assurances here." 561 U.S. at 786 (internal quotations omitted).

The *Bruen* opinion does not depart from this precedent. To the contrary, *Bruen* explicitly stated that its holding was "in keeping with *Heller*." 142 S. Ct. at 2126. Furthermore, Justice Kavanaugh, joined by Chief Justice Roberts, stated in a concurrence that "the Second Amendment allows a 'variety' of gun regulations" including "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id*. at 2162 (Kavanaugh, J., concurring). Justice Alito also stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 2157 (Alito, J., concurring) (internal citation omitted). Justice Breyer, joined by Justices

---

3016297 (S.D. Iowa Apr. 11, 2023); *United States v. Stennerson*, 2023 WL 2214351, at *2 (D. Mont. Feb. 24, 2023); *United States v. Posey*, 2023 WL 1869095, at *9 (N.D. Ind. Feb. 9, 2023); *United States v. Lewis*, 2023 WL 187582, at *5 (W.D. Okla. Jan. 13, 2023); *United States v. Black*, 2023 WL 122920, at *4 (W.D. La. Jan. 6, 2023); *United States v. Sanchez*, 2022 WL 17815116, at *3–4 (W.D. Tex. Dec. 19, 2022); *Fried v. Garland*, 2022 WL 16731233, at *8 (N.D. Fla. Nov. 4, 2022); *United States v. Seiwert*, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022); *United States v. Daniels*, 2022 WL 2654232, at *4 (S.D. Miss. July 8, 2022). *But see United States v. Connelly*, 2023 WL 2806324, at *12 (W.D. Tex. April 6, 2023) (finding § 922(g)(3) unconstitutional), *appeal filed*, No. 23-5031 (5th Cir. May 4, 2023); *United States v. Harrison*, 2023 WL 1771138, at *24–25 (W.D. Okla. Feb. 3, 2023) (finding § 922(g)(3) unconstitutional as applied), *appeal filed*, No. 23-6028 (10th Cir. Mar. 3, 2023).

Sotomayor and Kagan, understood *Bruen* to "cast no doubt on" *Heller*'s firearm limitations. *Id.* at 2189 (Breyer, J., dissenting).

It is against this backdrop that the Court analyzes Defendant's Second Amendment challenge. After *Bruen*, a court must first determine if § 922(g)(3) governs conduct that falls within the plain text of the Second Amendment. *United States v. Sitladeen*, 64 F.4th 978, 984 (8th Cir. 2023). Next, a court must decide whether the statute is consistent with the Nation's historical tradition of firearm regulation. *Id*. A restriction does not violate the Second Amendment if it either falls outside the plain text or is consistent with the Nation's historical tradition. *See id.*

(1) Plain Text Analysis

The Eighth Circuit has addressed firearm restrictions post-*Bruen* in the context of unlawfully present aliens, and as to the plain text analysis, utilized the "scope of right" approach. *Id.* at 987. The scope of right approach is a two-prong analysis. *Id.* The first prong is to determine whether the person fits within "the people" as stated in the Second Amendment. *Id.* The second prong requires the court to determine if the person's conduct is protected under the plain language of the Second Amendment. *Id.* If a person is not considered within "the people" then the Second Amendment does not protect his/her right to keep and bear arms. *Id.* Similarly, a person's conduct is not protected by the Second Amendment unless it falls within the plain language of the text. *See id.* A restriction is presumptively unconstitutional if both prongs are satisfied. *Id.*

Defendant Hart takes the position that the right of "the people" to keep and bear arms in the Second Amendment refers to all members of the community. (Doc. 31, pp. 9–11) The Government asserts "the people" does not include criminals and notes the Supreme Court's repeated use of "law-abiding, responsible citizens," when describing the class of individuals who

4

have Second Amendment rights. (Doc. 35, pp. 7–8) A review of *Heller*,[3] *Bruen*,[4] and *Sitladeen*[5] indicates "the people" pertains to law-abiding citizens. This follows the tradition of "not significantly regulat[ing] the possession of firearms by law-abiding citizens." *Heller*, 554 U.S. at 625. By definition, an unlawful drug user is not a law-abiding citizen, and, consequently, not considered within the scope of "the people." Therefore, an unlawful drug user's right to possess a firearm is not protected by the Second Amendment. The Court need not proceed to the second prong as the plain text requirement fails without meeting the first prong.

(2) Nation's Historical Tradition

Notwithstanding the plain text requirement, Defendant's argument still fails as the restriction is consistent with the Nation's historical tradition. The Eighth Circuit determined "§ 922(g)(3) is the type of 'longstanding prohibition[] on the possession of firearms' that *Heller* declared presumptively lawful." *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010). Defendant notes the use of "presumptively lawful" instead of "lawful" indicates some prohibitions may be unconstitutional in some situations. (Doc. 39, p. 4) The use of "presumptively" confirms that § 922(g)(3) is facially constitutional but recognizes it might be unconstitutional as applied. As Defendant attacks § 922(g)(3) on its face, *Seay*'s holding is on point.

Although Defendant argues *Seay* is not controlling because it cites cases in other circuits now abrogated, the Eighth Circuit decision itself remains binding. The Court in *Seay* rejected a

---

[3] *Heller*, 554 U.S. at 570 (recognizing "the right of law-abiding, responsible citizens to use arms in defense of hearth and home"). The *Heller* dissent recognized "[t]he Court itself reads the Second Amendment to protect a 'subset' significantly narrower than the class of persons protected by the First and Fourth Amendments; when it finally drills down on the substantive meaning of the Second Amendment, the Court limits the protected class to 'law-abiding, responsible citizens.'" *Id.* at 644.
[4] The Supreme Court found it unconstitutional for a statute to "prevent[] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Bruen*, 142 S. Ct. at 2156 (2022). *See generally id.* at 2112, 2125, 2131, 2133, 2134, 2138, 2150; *id.* at 2159, 2161 (Alito, J., concurring).
[5] "[U]nlawfully present aliens are not within the class of persons to which the phrase 'the people' refers." *Sitladeen*, 64 F.4th at 985.

facial constitutional challenge to 18 U.S.C. § 922(g)(3), consistent with *Heller* and *McDonald*, because a restriction on unlawful drug users comes from the same historical tradition as other limitations in § 922(g). *Id.* at 925. Notably, § 922(g)(1) prohibits felons from possessing a firearm, a restriction expressly approved by both *Heller* and *Bruen*. *Heller*, 554 U.S. at 626–27; *Bruen*, 142 S. Ct. at 2162. *Bruen* does not disturb *Heller*'s limitations, and nothing in *Bruen* expressly repudiates the holding of *Seay*. Eighth Circuit precedent is controlling "until overruled by [the] court en banc, by the Supreme Court, or by Congress*.*" *M.M.* ex rel*. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). Accordingly, this Court recommends denying Defendant's facial challenge to § 922(g)(3) based on the Second Amendment.

## B. Fifth Amendment Challenge

Defendant Hart brings two arguments under the Due Process Clause of the Fifth Amendment. First, the Court addresses the void as vague argument before turning to the overbreadth doctrine.

### (1) Void as Vague

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015)). Defendant Hart maintains § 922(g)(3) is void because the term "unlawful user" is vague on its face in violation of the Due Process Clause of the Fifth Amendment. (Doc. 31, pp. 19–24) Additionally, Defendant Hart argues that imposing a judicially created temporal nexus requirement to cure § 922(g)(3) infringes on the Separation of Powers. (Doc. 31, p. 22; Doc. 39, p. 12) The Government counters that Defendant cannot attack a statute for facial vagueness without first showing the statute is

vague as applied to his own conduct, and, because that determination requires a finding of fact, the inquiry is premature. (Doc. 35, p. 20) In response, Defendant relies on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to argue the facial challenge may proceed without an as-applied challenge. (Doc. 39, pp. 12–13)

The Supreme Court in both *Davis* and *Dimaya* used a different approach than what is required here. The challenges in *Davis* and *Dimaya* attacked post-conviction statutes that required the Supreme Court to determine if a conviction was considered a predicate offense. *Davis*, 139 S. Ct. at 2326 (residual clause of Armed Career Criminal Act); *Dimaya*, 138 S. Ct. at 1211 (removal of aliens). This type of challenge is analyzed using the categorical approach which examines "the elements and the nature of the offense of conviction, rather than [] the particular facts relating to petitioner's crime." *United States v. Burgee,* 988 F.3d 1054, 1058–59 (8th Cir. 2021) (quoting *Davis*, 139 S. Ct. at 2328); *see Davis*, 139 S. Ct. at 2326; *Dimaya*, 138 S. Ct. at 1211; *see also Taylor v. United States*, 495 U.S. 575, 590 (1990) (establishing the categorical approach to analyze sentencing enhancements). As Defendant here does not challenge a post-conviction statute, his reliance on *Davis* and *Dimaya* is unavailing and the categorical approach does not apply.

Despite Defendant's position to the contrary, a defendant must first show the statute is vague as applied to his particular conduct before proceeding with a facial challenge. *United States v. Bramer*, 832 F.3d 908, 909–10 (8th Cir. 2016). District courts within this circuit have consistently relied on *Bramer* to deny facial challenges to § 922(g)(3) raised in a pretrial motion to dismiss.[6] The Eighth Circuit in *Bramer* required a defendant to show § 922(g)(3) was first

---

[6] *See, e.g., United States v. Madden*, No. 20-CR-00121-1-BCW, 2021 WL 256817 (W.D. Mo. Jan. 25, 2021); *United States v. Williams*, No. 18-03100-01-CR-S-RK, 2020 WL 2114372 (W.D. Mo. May 4, 2020) (adopting 2019 WL 8643794 (W.D. Mo. Dec. 4, 2019)); *United States v. Blackard*, No. 19-03102-CR-W-MDH, 2020 WL 353239 (W.D. Mo. Jan. 21, 2020) (adopting 2019 WL 7605893 (W.D. Mo. Dec. 4, 2019)); *United States v. Garner*, No. 17-03009-01-CR-W-BP, 2020 WL 96910 (W.D. Mo. Jan. 8, 2020) (adopting 2019 WL 7504863 (W.D. Mo. Dec. 4, 2019)). As-applied challenges have been deferred until trial in accordance with *United States v. Turner*, 842 F.3d 602 (8th Cir. 2016). *See, e.g.*, *United States v. Waldo*, No. 19-03117-01-CR-S-RK, 2020 WL 2616736 (W.D. Mo. May 22, 2020)

7

vague as applied before proceeding to a facial challenge. *Id.* at 909. The result in this case should be no different. An as-applied determination here would require the Court to invade the province of the ultimate finder of fact to determine whether Defendant Hart was an "unlawful user" of drugs during the time he allegedly possessed a firearm. *See Turner*, 842 F.3d at 606.

Pursuant to binding precedent, Defendant Hart's facial challenge is precluded until Defendant first establishes the statute is vague as applied. Here, Defendant has failed to show that the term "unlawful user" of a controlled substance is vague as applied to his conduct, and any as-applied analysis would be premature at this point. Accordingly, Defendant is precluded from raising a facial challenge to § 922(g)(3) including the separation-of-powers argument as it is linked to the vagueness challenge. The Court recommends this issue be denied without prejudice.

### (2) Overbreadth Doctrine

Defendant Hart also asserts that 18 U.S.C. § 922(g)(3) violates the Due Process Clause of the Fifth Amendment because the statutory language is so overbroad that it chills individuals from exercising their Second Amendment right to keep and bear arms. (Docs. 31, pp. 24–27; 39, pp.13-14) The Government states "the overbreadth doctrine is reserved for cases involving the First Amendment, not the Second or Fifth Amendment." (Doc. 35, p. 22) In response, Defendant argues the Second Amendment is analogous to the First Amendment as both have broad scopes of protection with narrow, historic carve-outs, and restriction may chill protected conduct. (Docs. 31, pp. 25-27; 39, pp. 13-14)

The overbreadth doctrine is used to curtail statutory language because a "person whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute of susceptible application to protected expression," *New York v.*

---

(adopting 2020 WL 2617134 (W.D. Mo. Jan. 22, 2020)).

*Ferber,* 458 U.S. 747, 768 (1982), and is primarily applied in the context of the First Amendment. *Sabri v. United States*, 541 U.S. 600, 609–10 (2004) (acknowledging application of the overbreadth doctrine in the context of free speech, abortion, the right to travel, and first amendment matters enacted under § 5 of the Fourteenth Amendment). "Outside these limited settings, and absent a good reason, [the Court] do[es] not extend an invitation [to] bring overbreadth claims." *Id*. at 610.

Application beyond the First Amendment is restricted because the overbreadth doctrine "call[s] for relaxing familiar requirements of standing, to allow a determination that the law would be unconstitutionally applied to different parties and different circumstances from those at hand." *Id.* at 609–10. The Supreme Court has justified the overbreadth doctrine "by the recognition that free expression may be inhibited almost as easily by the potential or threatened use of power as by the actual exercise of that power." *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 11 (1988) (quoting *Thornhill v. Alabama*, 310 U.S. 88, 97–98 (1940)). The Eighth Circuit has declined to use the overbreadth analysis in the context of the Second Amendment. *See United States v. Adams*, 914 F.3d 602, 607 (8th Cir. 2019) ("The overbreadth doctrine . . . applies only in the limited context of the First Amendment."); *see also Musser v. Mapes*, 718 F.3d 996 (8th Cir. 2013) (rejecting overbreadth challenge under Due Process Clause of the Fourteenth Amendment).

Defendant has not demonstrated that the right to keep and bear arms is chilled in a significantly analogous manner as First Amendment rights, so as to trigger recognition of the overbreadth doctrine. For these reasons, the Court declines to expand the overbreadth doctrine to the Second Amendment or Fifth Amendment Due Process Clause. As Defendant Hart has not identified First Amendment issues, it is recommended this challenge be denied.

## III.  CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss with prejudice as to the Second Amendment and Fifth Amendment overbreadth doctrine challenges and denying without prejudice the void as vague challenge.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

                                                  /s/ *Jill A. Morris*
                                                  JILL A. MORRIS
                                      UNITED STATES MAGISTRATE JUDGE